**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DAETRIAUN/LOYALTY JONES/DICKERSON** **PLAINTIFF**
***ADC #179465***

**v.** **No: 4:25-cv-00969-KGB-PSH**

**MICHEAL RICHARDSON, *et al.*** **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Daetriaun/Loyalty Jones/Dickerson ("Plaintiff"), an Arkansas Division of Correction (ADC) inmate, filed this *pro se* civil rights lawsuit raising Eighth Amendment conditions of confinement claims against defendants Micheal

Richardson, Gary Musselwhite, Latoya Johnson and Shanita Gunn (the "Defendants"). *See* Doc. Nos. 2 & 6. In his operative amended complaint, he alleged that the Defendants allowed an "unclean environment" at the Cummins Unit since June 25, 2023, and that his housing area was infested with "mice, rats, roaches, and spiders" and black mold. Doc. No. 6 at 4. Plaintiff alleged that he reported these conditions to each of the Defendants, and that these conditions have caused him to become ill. *Id.* at 4-5. He indicated that he did not complete the grievance procedure with respect to these allegations due to the lack of a response in a timely manner. *Id.* at 3-4.

Before the Court is a motion for summary judgment, brief in support, and a statement of undisputed facts filed by the Defendants, claiming that Plaintiff did not exhaust available administrative remedies before he filed this lawsuit (Doc. Nos. 16-18). The Court notified Plaintiff of his opportunity to file a response and separate statement of disputed facts, but he did not do so.[1] *See* Doc. No. 19. Because Plaintiff failed to controvert the facts set forth in the Defendants' statement of facts, Doc. No. 17, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described below, the Defendants' motion for summary judgment should be granted,

[1] On July 24, 2026, Plaintiff filed an amended complaint which was docketed as a motion to amend his complaint (Doc. No. 20). That motion was denied because Plaintiff did not explain why he sought to amend his complaint; the amended complaint appears to simply restate the allegations in his original complaint. *See* Doc. No. 22.

and Plaintiff's claims against the Defendants should be dismissed without prejudice for failure to exhaust available administrative remedies.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

The Defendants argue that Plaintiff's claims against them should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit. Doc. No. 18. In support of their motion, the Defendants submitted a copy of the ADC's grievance policy, Administrative Directive 19-34 (Doc. No. 16-1); the declaration of April Gibson, the ADC's Corrections Programs Coordinator (Doc. No. 16-2); and a copy of Plaintiff's grievance history along with a copy of Grievance CU-25-00658 (Doc. No. 16-3).

### *A. Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136,

1141 (8th Cir. 2014). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure. *See* Doc. No. 16-1 at 5. To resolve a problem, an inmate must first seek informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 6. Inmates are to "specifically name each individual involved in order that a proper investigation and response may be completed." *Id*. at 5. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 6. A problem solver investigates the complaint and provides a written response at the bottom of

the form. *Id.* at 6-7. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 9. If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can appeal to the Deputy Director within five days. *Id.* at 11-12. Once the Deputy Director responds or the appeal is rejected, the grievance process is exhausted. *Id.* at 13. According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances. *Id.* at 14. The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit. *Id.* at 19.

***B. Plaintiff's Relevant Grievance History & Exhaustion of his Claims***

In her declaration, Corrections Programs Coordinator Gibson stated that she searched Plaintiff's grievance history from June 25, 2023 (when he claims he was first exposed to unclean conditions at the Cummins Unit) and January 21, 2026 (when she compiled the history) for non-medical grievances pertaining to Plaintiff's claims in this case or naming any of the Defendants. *See* Doc. No. 16-2 at ¶¶ 5-7. She identified one grievance completed by Plaintiff since June 25, 2023: CU-25-00658. *Id.* at ¶ 7. This grievance was also the only grievance listed on Plaintiff's grievance history that concerned living conditions. Doc. No. 16-3 at 3. In that

grievance, Plaintiff complained that the Unit's water supply contained "80 different bacteria." *Id.* at 8. He did not assert his complaint claims in this grievance, including complaints of snakes, spiders, roaches, or black mold. *Id.* Further, he stated he told "M. Richerson" (Michael Richardson) about the water, but did not name any other defendant in the grievance. *Id.*

The Defendants have provided evidence that Plaintiff did not file and complete a grievance describing his complaint allegations in this case. Plaintiff has not filed a response or addressed these allegations. And while he states in his amended complaint that he did not complete the grievance procedure because he did not receive a response (*see* Doc. No. 6 at 3-4), that does not excuse his failure to complete the grievance process. The ADC's grievance procedure specifically provides that an inmate may proceed to Step Two if he does not receive a Step One response and may also appeal the failure to receive a Step Two response. *See* Doc. No. 16-1 at 9 (providing that an inmate may proceed to Step Two if he does not receive a response within three working days); Doc. No. 16-1 at 11-12 (stating that an inmate may appeal to the Deputy Director within five days of not receiving a Step Two response). Plaintiff did not complete the grievance process with respect to his claims in this case; accordingly, his claims should be dismissed without prejudice.

## IV. Conclusion

For the reasons stated herein, the Court recommends that the Defendants' motion for summary judgment (Doc. No. 16) be GRANTED, and Plaintiff's claims against the Defendants be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to exhaust available administrative remedies.

SO RECOMMENDED this 29th day of September, 2026.

____________________________________

UNITED STATES MAGISTRATE JUDGE